IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANE BURAGLIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-3092 |
| | ) | |
| VILLAGE OF WAPELLA, SHAY | ) | |
| BURKE, Acting Clerk of the Village of | ) | |
| Wapella, and DANA SMITH, | ) | |
| Election Authority and County Clerk | ) | |
| of the County of DeWitt, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This is a civil rights action pursuant to 42 U.S.C. § 1983.  The Plaintiff has also asserted claims under Illinois state law.

Pending is  Defendant Dana Smith's Motion to Dismiss Count III of the Amended Complaint.

Pending also is the Motion of Defendants Village of Wapella and Shay Burke to Dismiss the Plaintiff's Complaint.

# I. INTRODUCTION

In Count I of her Amended Complaint, Plaintiff Jane Buraglio alleges that Defendant Village of Wapella violated her First Amendment guarantees of freedom of speech, association, and ability to petition by effectively barring her from the Village of Wapella Village Hall. She further asserts this violated her Substantive Due Process rights protected by the Fourteenth Amendment.

In Count II, the Plaintiff alleges that Defendant Shay Burke violated her constitutional rights in that Burke did not make herself available to collect candidate forms and petitions.

In Count III, the Plaintiff asserts that Defendant Dana Smith's refusal to place her name on the ballot violated the Plaintiff's First Amendment protections of freedom of speech, association, and ability to petition as well as her Fourteenth Amendment guarantee of Substantive Due Process.

In Count IV, the Plaintiff asserts the Village of Wapella retaliated against her for filing her initial Complaint in this action, by terminating her as the Village Treasurer.

In Count V, the Plaintiff claims that the Village of Wapella violated her property interest in her employment when it improperly terminated her from the position of Village Treasurer.

In Count VI, the Plaintiff alleges that the Village of Wapella violated the Illinois Whistleblower Act when it terminated her as Village Treasurer.

Defendant Smith has moved under Rules 12(b)(6) and 12(c) to dismiss the Amended Complaint. She alleges the suit is barred by the applicable two-year statute of limitations and by the doctrine of res judicata. Additionally, Smith claims the Amended Complaint fails to state a claim against her because she had no discretion to determine the names to be placed on the ballot in the consolidated election.

Defendants Village of Wapella and Smith have moved under Rules 12(b)(1), (2), (6) and 12(c) to dismiss the Amended Complaint. They contend the original Complaint in this action was filed after the expiration of the two-year statute of limitations. Because the Plaintiff filed a lawsuit in the Illinois Circuit Court seeking mandamus and other equitable relief

against the same parties and in regards to the same facts and occurrences at issue in Counts I, II and III of the Amended Complaint and the lawsuit was litigated to a final judgment, the Defendants contend these counts are barred by the doctrine of res judicata. The Defendants further assert that even if the counts were not barred, the Plaintiff has failed to state a claim upon which relief may be granted.

The Defendants further contend that Counts IV, V and VI of the Amended Complaint must be dismissed as to Burke and Smith because those Defendants, named in their official capacities as elected officials, have qualified immunity from liability for § 1983 claims and other suits alleging a municipality's infringement upon a constitutional right. Additionally, the Village asserts that because the acts of which the Plaintiff complains were legislative in nature and governmental bodies are immune from liability for legislative acts, Counts IV, V and VI must also be dismissed for that reason. The Defendants further allege that Plaintiff failed to adequately plead the contours of the claims she purports to assert.

## II. FACTS[1]

### (A)

On December 20, 2010, the Plaintiff filed nominating papers as an independent candidate for the Office of Village Clerk of the Village of Wapella. The papers were filed with Defendant Burke, the Acting Clerk of the Village of Wapella. The election was scheduled to be held on April 5, 2011. The nominating papers complied with all applicable requirements and were accepted by Burke on December 20, 2010.

On December 20, 2010, the Plaintiff alternatively filed nominating papers with Burke as an independent candidate for the Office of Village Trustee of the Village of Wapella. The election was scheduled to be held on April 5, 2011. The nominating papers complied with all requirements and were accepted by Burke.

Subsequently, the Plaintiff decided to withdraw her candidacy for the Office of Village Clerk, on the basis that she could not serve in both offices.

---

[1]These facts are alleged in the Plaintiff's Amended Complaint [Doc. No. 19]. For purposes of this motion, the Court assumes the truth of the allegations.

On December 27, 2010, the Plaintiff unsuccessfully attempted to file her withdrawal papers with Burke. The Plaintiff did not enter the Village Hall at that point because she had previously been advised to do so only when a meeting was taking place. Moreover, because Burke's car was not present in the Village Parking lot, the Plaintiff did not believe Burke was present in the Village Hall at that time. In her capacity as Acting Village Clerk, Burke did not maintain established hours at the Village of Wapella Village Hall in the days prior to the Plaintiff filing her nominating papers.

The Plaintiff alleges that although Burke had made alternative arrangements for an administrative assistant, Kim Donovan, and a Village Trustee, Sharon Williams Riddle, to receive election papers at the Village Hall in her absence, Burke did not announce these arrangements to the public. Burke further did not publicly announce the fact that she would work only three hours on December 27, 2010, rather than the normal business hours of 9:00 a.m. to 5:00 p.m.

Shortly after 5:00 p.m. on December 27, 2010, the Plaintiff called the Mayor of the Village of Wapella, Richard Karr, and made alternative

arrangements to submit her withdrawal of candidacy to Burke. The Plaintiff tendered her resignation to Burke on December 27, 2010 after normal business hours at her home in the Village of Wapella in the presence of the Mayor Karr. Attached to the Amended Complaint is a signed and notarized copy of that withdrawal. The Plaintiff's withdrawal was accepted by Burke prior to the statutory deadline of five business days from the filing of the Plaintiff's nominating papers of the Office of Village Clerk, a deadline which would have expired at the earliest on December 28, 2010. The "Calendar of Events" published by the State of Illinois Election Board provided that the statutory deadline to withdraw from incompatible offices was December 28, 2010.

On or about January 25, 2010, Burke filed certification documents with Defendant Dana Smith, Election Authority and County Clerk of the County of DeWitt. These certification documents listed the names of the candidates seeking offices in the April 5, 2011 election in the Village of Wapella. Burke failed to include Buraglio as an independent candidate for the office of Village Trustee of the Village of Wapella.

The Plaintiff received a letter from Burke, dated January 24, 2011, advising her that Burke was not going to certify her name as a candidate for the office of Village of Trustee because the Plaintiff had failed to file her withdrawal with Burke in her office "during normal business hours on December 27, 2010." No election official with the Village of Wapella advised the Plaintiff that her withdrawal was untimely or that her withdrawal was not going to be accepted as tendered on December 27, 2010, until the Plaintiff's receipt of the letter from Burke on January 25, 2011.

As a result of Burke's refusal to certify the Plaintiff as a candidate for Village Trustee, the Plaintiff was not listed as a candidate for the office of Village Trustee on the Amended Certification of Ballot submitted to Smith.

(B)

The Plaintiff filed a Petition for Writ of Mandamus in the Circuit Court of the Sixth Judicial Circuit, County of DeWitt, State of Illinois, seeking a writ ordering Burke to certify the Plaintiff as a candidate for Village Trustee for the April 5, 2011 election. On February 14, 2011, the

circuit court held an evidentiary hearing on the petition. At issue was whether December 24, 2010 and December 27, 2010 were "business days" for purposes of calculating the five-day period from December 20, 2010, to the date when withdrawals were due under Section 5/3.1 of the Illinois Municipal Code. The circuit court denied the Plaintiff's petition.

On April 5, 2011, the municipal election was held. Notwithstanding the public's efforts and consideration of any process or procedure to cast a vote for the Plaintiff as a write-in candidate on the ballots being cast on April 5, 2011, the Plaintiff was not elected based on the votes cast on April 5, 2011.

The Plaintiff and the public learned on or about April 6, 2011 that she was not elected. On or about April 19, 2011, the trustees who were elected for the position of Village Trustee were sworn in to begin serving four year terms.

The Plaintiff appealed the decision of the circuit court denying her writ of mandamus. The Fourth District Appellate Court found the issue to be moot because the election had already been held by the time the

appellate court heard the appeal.  That court noted, however, that Plaintiff "may yet have relief under a different theory arising under the laws governing the civil rights of all citizens."  See Buraglio v. Vill. of Wapella, No. 4-11-0254, 2011 Ill. App. LEXIS 2847, at *12 (4th Dist. 2011).  The Illinois Supreme Court denied the Plaintiff's request for leave to appeal the decision of the Appellate Court.  See Buraglio v. Wapella, 968 N.E.2d 80 (Ill. 2012).

The Plaintiff was appointed for a one-year term as Village Treasurer of the Village of Wapella in May of 2012 by a vote of the majority of the Village Board and was so re-appointed in May of 2013.  Pursuant to the Municipal Code of the Village of Wapella of 1975, the Village Treasurer "shall hold his [or her] office for the term of one year and until his [or her] successor is appointed and had qualified."  To qualify, said individual must be appointed by a majority vote of the Village of Wapella.

On April 8, 2013, the Plaintiff filed her original three-count Complaint in this case against the Village of Wapella, Burke and Smith.

On July 10, 2013, the Plaintiff was terminated from her position as

the Village Treasurer of the Village of Wapella before the end of her term and, she alleges, in retaliation for her filing of her Complaint on April 8, 2013.

A subsequent Village Treasurer was selected without the approval of a majority of the Village Board of the Village of Wapella, contrary to Section 8-10 of the Municipal Code of the Village of Wapella of 1975.

On November 6, 2013, the Plaintiff filed her Amended Complaint. Subsequently, the Defendants filed their Motions to Dismiss.

## III. DISCUSSION

### A. Legal standard

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  See Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).  To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must allege sufficient facts to state a claim that is "plausible on its face."  Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007).  The United States Supreme Court later explained the "plausibility" standard:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In making such a determination, a court must "draw on its judicial experience and common sense."  Id. at 679.

"A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses."  Independent Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012).  However, if a "complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate."  Id.

### B. Res judicata

In both motions, the Defendants allege the Amended Complaint must be dismissed based on the doctrine of res judicata.  The doctrine of res

judicata is premised on the principle of finality of matters that have been litigated. See Czarniecki v. City of Chicago, 633 F.3d 545, 548 (7th Cir. 2011). "Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)." Id. (citations omitted).

Because the earlier action was filed in state court, this Court must apply Illinois res judicata principles. See Rockford Mut. Ins. Co. v. Amerisure Ins. Co., 925 F.2d 193, 195 (1991). This doctrine precludes courts from hearing claims that were raised or could have been raised between the same parties in an earlier suit which resulted in a final judgment on the merits. See id. For res judicata to apply under Illinois law, there must be "(1) a final judgment on the merits in a prior case involving (2) the same cause of action and (3) the same parties or their privies as the case sought to be dismissed." Id. The earlier case involved a final judgment on merits between the same parties. The only question is whether it involved the same cause of action.

As to the second element, the Illinois Supreme Court has adopted the "transactional test" in evaluating whether there is an identity of cause of action between two cases. See River Park, Inc. v. City of Highland Park, 184 Ill.2d 290, 311 (1998). Accordingly, separate claims are considered the same cause of action for purposes of res judicata if they are based on a single group of operative facts, regardless of whether they assert different theories of relief. See id. at 311, 318.

Although it appears at first glance that the two lawsuits arise from the same set of operative facts, a closer look reveals that Plaintiff's § 1983 claims could not have been brought in her state court petition for mandamus because those claims had not yet accrued. The Plaintiff's mandamus petition was an attempt to get her name on the ballot. If the attempt had succeeded, the alleged constitutional injuries would not have occurred. Presumably, the Plaintiff had a reasonable and good faith belief that her mandamus petition would succeed and her name would appear on the ballot. The Plaintiff also believed that Defendant Smith could have added her name to the ballot at any time before the election.

Upon accepting the truth of allegations of the Amended Complaint, the Court is unable to find that Plaintiff knew, or should have known, that her rights were violated until the date of the election when her name did not appear on the ballot. Because the § 1983 claims could not have been raised in the state court litigation, the Court concludes those claims are not barred by res judicata.

C. Statute of limitations

The limitations period in a § 1983 case is determined by the personal injury laws of the state in which the injury occurred. See Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004). Illinois has a two-year statute of limitations for personal injury claims. See 735 ILCS 5/13-202.

Federal law governs the date of accrual of § 1983 actions. See Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993). "Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Id. (internal quotation marks and citation omitted). A court's first task is to determine the injury. See id. Then, it must determine when a plaintiff could have sued for the injury, a

date which should coincide with the date the plaintiff "knows or should have known" of the violation of her rights.  See id.

The Court finds the injury in this case was that the ballot did not list the Plaintiff as a candidate for Village Trustee.  The Court concludes that Plaintiff's claim accrued on April 5, 2011, the date of the election for Village Trustee.  Until that date, the Plaintiff could have believed that her name would appear on the ballot.  Although her petition for mandamus had been denied, an appeal had been filed.  Accordingly, the claim accrued on the date of the election.  See, e.g., Hileman, (determining that the injury, which was the denial of the plaintiff's status as a candidate for office, occurred on the date of the primary election).

Rule 6(a)(1) provides that "[w]hen the period is stated in days or a longer unit of time," the Court "shall exclude the day of the event that triggers the period."  Fed. R. Civ. P. 6(a)(1)(A).  This rule applies "in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time."  Fed. R. Civ. P. 6(a).

Relying on Rule 6(a), the Plaintiff alleges that the day of the election should be excluded and the clock should begin running the following day, on April 6, 2011. The Plaintiff's original complaint was filed on April 8, 2013, which was the Monday following the Saturday on which April 6, 2013 fell.

The Court rejects the Plaintiff's argument that the statute of limitations on her claim began to run on April 6, 2011. The personal injury statute in Illinois provides that the action "shall be commenced within 2 years next after the cause of action accrued." 735 ILCS 5/13-202. Having determined that the cause of action accrued on April 5, 2011, the Plaintiff needed to file this action by April 5, 2013, which was a Friday and not a legal holiday. Rule 6(a) applies in computing a time period only if the statute does not specify a method of computing time. See 735 Fed. R. Civ. P. 6(a). Because the Illinois statute states that the action must be commenced within two years of accrual, Rule 6(a) does not apply.

In considering limitations period for § 1983 claims, the Seventh Circuit has determined that the action must be filed within two years of the

plaintiff's knowledge of the injury.  See Serino v. Hensley, 735 F.3d 588, 590-91 (7th Cir. 2013) (applying Indiana's two-year statute of limitations, plaintiff who was injured on September 15, 2008 had to bring action by September 15, 2010); Ray v. Maher, 662 F.3d 770, 772-73 (7th Cir. 2011) (holding that claims accrued on September 28, 2007 when Ray died and his representative thus had to file action by September 28, 2009); Dominguez v. Hendley, 545 F.3d 585, 588 (7th Cir. 2008) ("Dominguez filed his complaint on April 23, 2004, and so if his claim accrued on or after April 23, 2002, then his lawsuit was timely.").

It is apparent from the foregoing authority that the statute of limitations began running on the date of the injury–not the day after that date.  The cause of action accrued on April 5, 2011, and the Complaint needed to be filed by April 5, 2013 in order to be timely.  Because the action was not filed until April 8, 2013, the Plaintiff's § 1983 claims which are premised on failing to place her name on the ballot are barred by the two-year statute of limitation.

Accordingly, Counts I, II and III will be dismissed.   Defendant

Smith's motion as to Count III is Allowed.  Defendants Village of Wapella and Burke's motion as to Counts I and II is Allowed.

### D. Qualified immunity

Defendant Burke contends that official capacity claims against the individual Defendants in Counts IV, V and VI must be dismissed pursuant to qualified immunity.  Based on a review of the Amended Complaint, Counts IV, V and VI are directed only at Defendant Village of Wapella. Moreover, qualified immunity applies only to individual capacity claims and not official capacity claims.  See Sanville v. McCaughtry, 266 F.3d 724, 732 (7th Cir. 2001).

Accordingly, the Court cannot dismiss Count IV, V and VI on the basis of qualified immunity.

### E. First Amendment claim (Count IV)

In Count IV, the Plaintiff alleges that by filing her original Complaint on April 8, 2013, she was "publicizing the fact that the Village of Wapella maintained inconsistent policies and took unlawful actions regarding citizens' ability to have their names placed on the ballot as a candidate for

public office and was speaking on a matter of public concern." See Doc. No. 19 ¶ 234. The Plaintiff asserts that, by terminating her as Village Treasurer for filing her Complaint, "the Village of Wapella retaliated against the statements of a citizen speaking on matters of public concern, i.e. the Village of Wapella barring a citizen from entry to its Village Hall." Id. ¶ 236. The Plaintiff claims this violated her First Amendment right to free speech, as applied to the State by the Fourteenth Amendment's Due Process Clause.

The First and Fourteenth Amendments prohibit a state government entity from retaliating against an employee engaged in protected speech. See Gross v. Town of Cicero, Ill., 619 F.3d 697, 703-04 (7th Cir. 2010). "A claim for First Amendment retaliation under § 1983 involves a three-step inquiry: (1) whether the employee's speech was constitutionally protected; (2) whether the protected speech was a but-for cause of the employer's action; and (3) whether the employee suffered a deprivation because of the employer's action." Id. at 704.

Upon accepting all of the facts alleged in the Amended Complaint as

true, the Court concludes the Plaintiff is unable to assert a claim that is plausible on its face. The Plaintiff was appointed for a one-year term as Village Treasurer in May of 2012. She was re-appointed in May of 2013 for a one-year term.

The Plaintiff's initial appointment as Village Treasurer occurred after her mandamus petition was filed against the Village of Wapella. The petition was denied by the circuit court and appellate court. The Illinois Supreme Court denied the Plaintiff leave to appeal the decision of the appellate court. The Plaintiff was re-appointed as Village Treasurer one month after the instant litigation was filed. Even when the allegations of the Amended Complaint are accepted as true, therefore, the Plaintiff is unable to allege that her protected speech was a but-for cause of the Village of Wapella's action of removing her as Treasurer.

Because the Plaintiff was initially appointed after pursuing litigation and re-appointed as Village Trustee after filing this action, the Plaintiff is unable to plausibly allege that she was terminated for filing her Complaint. Accordingly, the Motion to Dismiss as to Count IV will be Allowed.

## F. Property interest in employment claim (Count V)

The Plaintiff alleges that at the time of her termination, she was several months in to her second term as Village Treasurer in accordance with Section 8-101 of the Municipal Code of the Village of Wapella. Section 8-102 of the code provided that her term was to last for "one year and until . . . [her] successor . . . [was] appointed and . . . [had] qualified." Accordingly, the Plaintiff asserts the Village of Wapella violated Sections 8-101 and 8-102 of the Municipal Code of the Village of Wapella when it terminated her prior to the completion of her term and further failed to appoint a new Village Treasurer. The Plaintiff contends this violated her property interests in her employment as defined by local ordinance and protected by the Fourteenth Amendment's guarantee of Substantive Due Process.

A protected property interest is a legitimate claim of entitlement which is not defined by the Constitution, but "by existing rules or understandings that stem from an independent source such as state law." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).

"[W]here state law gives people a benefit and creates a system of nondiscretionary rules governing revocation or renewal of that benefit, the recipients have a secure and durable property right, a legitimate claim of entitlement." Chicago United Industries, Ltd. v. City of Chicago, 669 F.3d 847, 851 (7th Cir. 2012) (quoting Cornelius v. LaCroix, 838 F.2d 207, 210-11 (7th Cir. 1988)).

Generally, a government employee who may be discharged only for cause has a constitutionally protected interest in her position and is entitled to due process before being removed. See Schulz v. Green County, State of Wis., 645 F.3d 949, 952 (7th Cir. 2011).

The Defendants allege that Plaintiff has failed to establish that she had a constitutionally protected property interest in the appointed office of Treasurer. They claim that the provisions on which the Plaintiff relies are meant to apply only when an appointed officer resigns mid-term, thus allowing the government to continue enjoying the services of the resigning officer until a replacement is duly appointed and confirmed. The Defendants cite 65 ILCS 5/3.1-30-5(d) which provides:

An appointed officer of a municipality may resign from his or her office. If an appointed officer resigns, he or she shall continue in office until a successor has been chosen and has qualified. If there is a failure to appoint a municipal officer, or the person appointed fails to qualify, the person filling the office shall continue in office until a successor has been chosen and has qualified. If an appointed municipal officer ceases to perform the duties of or to hold the office by reason of death, permanent physical or mental disability, conviction of a disqualifying crime, or dismissal from or abandonment of office, the mayor or president of the municipality may appoint a temporary successor to the officer.

65 ILCS 5/3.1-30-5(d). The problem with the Defendants' argument is that the applicable portion of the Village Code does not provide that the requirements apply only in cases of resignation.

Nevertheless, the Defendants allege these provisions do not apply in situations where the appointed officer has been duly removed pursuant to 65 ILCS 5/3.1-35-10, which provides in relevant part:

Mayor or president; removal of appointed officer. Except where otherwise provided by statute, the mayor or president may remove any officer appointed by the mayor or president under this Code, on any written charge, whenever the mayor or president is of the opinion that the interests of the municipality demand removal. The mayor or president shall report the reasons for the removal to the corporate authorities at a meeting to be held not less than 5 nor more than 10 days after the removal. If the mayor or president fails or refuses to report to

24

> the corporate authorities the reasons for the removal, the officer
> thereupon shall be restored to the office from which the officer
> was removed.

65 ILCS 5/3.1-35-10.  The Defendants assert the Plaintiff has not pled that

the Village president failed or refused to report his reasons to the corporate

authorities, nor has she pled that the Village Board thereafter voted to

disapprove of the removal.   Accordingly, the Defendants contend the

Plaintiff failed to plead that the Village violated due process requirements,

or that she has a protected property interest in an appointed office from

which she can be removed by the president upon any written charge.

The Plaintiff claims that the Municipal Code of the Village of

Wapella provides municipal officials with heightened protections, thereby

vesting her with a property interest in the position of Village Treasurer

pursuant to the terms of the Code.

The Defendants further note there are a number of procedural

safeguards that must be met in order to establish compliance with federal

due process requirements.   However, the Plaintiff has not pled that the

Village or its officers failed to comply with this statutory procedure for

removing appointed officers, nor has the Plaintiff challenged the constitutionality of the Municipal Code.  Accordingly, the Defendants allege the Plaintiff has not adequately pled that she was deprived of the procedural due process that is "appropriate to the nature of the case."

Although the Amended Complaint could include more factual detail, the Court concludes that Plaintiff has plausibly alleged that the Village of Wapella violated her property interest in her employment when it improperly terminated her from the position of Village Treasurer.  To the extent that Defendants argue that Plaintiff failed to plead certain aspects of such a claim, a Fourteenth Amendment property interest claim is not among those claims which must be pled with particularity.  See Fed. R. Civ. P. 9. Moreover, the Defendants rely on portions of the Illinois Election Code that do not appear to apply to this case.

Upon considering the facts alleged in the Amended Complaint as true and drawing all inferences in favor of the Plaintiff, the Court finds that the Plaintiff has sufficiently stated a claim asserting that Defendant Village of Wapella violated her property interest in employment.

Accordingly, the Court will Deny the Defendant's Motion to Dismiss Count V.

### G. Illinois Whistleblower Act claim (Count VI)

In Count VI, the Plaintiff alleges that the Village of Wapella violated the Illinois Whistleblower Act. By filing her original Complaint on April 8, 2013, the Plaintiff was publicizing her allegation that the Village of Wapella maintained inconsistent policies and took unlawful actions regarding citizens' ability to have their names placed on the ballot as candidates for public office and was thus speaking on a matter of public concern.

The Plaintiff asserts the Village of Wapella violated the Illinois Whistleblower Act by terminating her in retaliation for publicizing the Village's impermissible practice of barring the Plaintiff from the Village Hall. The Whistleblower Act provides in part:

> An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

740 ILCS 174/10.  It further provides:

> (a) An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

> (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

740 ILCS § 15(a).  The Plaintiff contends that in violating the provisions of the Illinois Whistleblower Act, the Village of Wapella committed retaliatory acts that led to the termination of her employment as Village Treasurer and, as a result, the Plaintiff sustained damages for lost wages, lost employee benefits and other related compensatory damages, including attorney's fees and costs of suit.

The Defendants contend that Plaintiff's claim must be dismissed for a number of reasons.  First, the Defendants claim that Plaintiff was an appointed "officer" and has failed to adequately plead she was an "employee," as defined in the Illinois Municipal Code.  Because officers and

28

employees have different rights and duties, the Defendants claim the Plaintiff lacks standing. Based on the current record, the Court is unable to determine that the distinctions between municipal employees and officers under the Illinois Municipal Code extend to the Illinois Whistleblower Act.

Additionally, the Defendants allege the Plaintiff cannot adequately plead she was "disclosing information to a government" in filing her federal Complaint because she had previously disclosed the same information in her state court complaint. The Court notes that the two complaints include at least some different allegations. The allegation that her name was not on the ballot on April 5, 2011 is included only in the federal Complaint. Accordingly, the Court concludes that is not an appropriate basis to dismiss the Whistleblower claim.

The Defendants further assert that Plaintiff could not have had "reasonable cause" to believe the information she disclosed was uncovering a violation of state or federal law, rule or regulation, when the Illinois Circuit Court had previously entered final judgment in the Defendants'

favor on the same facts and circumstances. Of course, the state court judgment was entered in connection for a petition for mandamus, wherein the Plaintiff sought certification as a candidate for Village Trustee. Because that action was a different type of case, the Court rejects the Defendants' argument that Plaintiff lacked "reasonable cause" to believe she was disclosing a violation.

The Defendants further allege that suspicious timing in whistleblower cases is not enough to show a relationship between the complained of conduct and an adverse employment action. The Defendants cite a case wherein a court held that suspicious timing is not enough to withstand a summary judgment motion. Although suspicious timing may not be enough at that stage of the litigation, this matter is before the Court on a motion to dismiss. Therefore, the Court finds Diadenko v. Folino, 890 F. Supp.2d 975, 989 (N.D. Ill. 2012) to be inapposite.

Upon taking the allegations of the Amended Complaint as true, the Court finds that the Plaintiff has sufficiently alleged a claim under the Illinois Whistleblower Act.

## IV. CONCLUSION

The Motion to Dismiss as to Defendant Dana Smith will be Allowed. Count III, which is the only count directed at Smith, is barred by the two-year statute of limitations.

The Motion to Dismiss as to Defendants Village of Wapella and Shay Burke will be Allowed in Part and Denied in Part. Counts I and II, which assert § 1983 claims against the Village of Wapella and Burke, respectively, are barred by the two-year statute of limitations.

As for Count IV, the Plaintiff is not able to allege a plausible First Amendment retaliation claim against the Village of Wapella. Therefore, Count IV will be dismissed.

Upon considering the allegations of Count V as true, the Court determined the Plaintiff sufficiently alleged that the Village of Wapella violated her property interest in her employment, pursuant to the Fourteenth Amendment. Moreover, the Court concluded that Petitioner had sufficiently alleged a claim against the Village of Wapella for violation of the Illinois Whistleblower Act. Therefore, the Motion as to Counts V

and VI will be Denied.[2]

Ergo, the Motion of Defendant Dana Smith to dismiss the Plaintiff's Count III of the Amended Complaint [d/e 20] is ALLOWED. Defendant Dana Smith is terminated as a party.

The Motion of Defendants Village of Wapella and Shay Burke to Dismiss the Plaintiff's Amended Complaint [d/e 22] is ALLOWED in Part and DENIED in Part. The Motion is Allowed as to Counts I, II and IV. The Motion is Denied as to Counts V and VI. Defendant Shay Burke is terminated as a party.

This case is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of scheduling a discovery conference.

ENTER: June 19, 2014

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge

---

[2]To the extent that Defendants argue dismissal is warranted based on legislative immunity, that doctrine applies only to public servants sued in their individual capacities. See Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr, 518 U.S. 668, 677 n. (1997). Because Counts V and VI are directed only at the Village of Wapella, the Defendant is not entitled to legislative immunity.